UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN MS OLLIE,

        Plaintiff,

v.                                                Case No. 23-cv-1127-bhl

NATIONAL BASKETBALL ASSOCIATION

        Defendant.

## SCREENING ORDER

On August 25, 2023, Kevin MS Ollie, proceeding *pro se*, filed a complaint against the National Basketball Association (NBA). (ECF No. 1.) That same day, despite indicating on his complaint that he would pay the filing fee in full, he filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

### THE MOVANT'S INDIGENCY

Ollie reports that he has $900 in monthly income from social security insurance (SSI) benefits. (ECF No. 2 at 2.) Against this income, he has total monthly expenses of $1,160 from monthly payments of rent ($300), other household expenses ($600), travel ($60), and hobbies ($200). (*Id.*) He also states that he has "to not write, do music, sing songs, speak property spelling errors/breaking phones tablets" because he cannot break "the TV, have people whispering the threats in [his] body beneath [his] skin," and that he hears them "speaking," and, most aptly, that he is "losing jobs due to Trump." (*Id.* at 4.)

This report of expenses is drastically different from Ollie's report in his other pending case, No. 23-cv-1089-bhl. If Ollie's allegation of poverty were false, the Court would have no choice but to dismiss his suit. *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir.

2002) (citing 28 U.S.C. § 1915(e)(2)(A)). Because Ollie has signed his latest report under penalty of perjury, the Court will assume, for purposes of this motion, that his expenses have changed. With this assumption, the Court finds Ollie sufficiently indigent for purposes of paying the filing fee.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint to determine whether the action is frivolous, fails to state a claim, or is brought against an immune defendant, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Ollie's complaint is hard to follow and to the extent it is understandable appears frivolous. He states that the NBA violated his "property rights," "privacy rights," and "constitute of the Constitution." (ECF No. 1 at 2.) He also claims the NBA seeks to "trump" him while

"empower[ing] their viewers," which makes him feel as if he is "fighting a stigma highly in public." (*Id.*) Ollie then connects "this mental health crisis to murder for hire," alleging that the NBA "wishes to kill him." (*Id.*) He also claims to have "talked through the TV" and since then, he has "been choked for words due to [the NBA's] rank." (*Id.* at 3.) He next contends that people have been hired to choke him and details one such incident in Arizona where he was "protesting" and a voice told him to "tell these people what we doing or Imma kill you," after which Ollie "passed out" for one minute because his "wind pipes [were being] closed completely." (*Id.*) While the choking "eventually … stop[ped]," Ollie expresses concern that "[t]hey did it to trump [him] highly in public," and that the voice said "she was hired to murder [him]." (*Id.*)

Based on these allegations, Ollie is suing under state law for $1 and requests the court to accept his case, "to stop the enemy," and to award "money punishment etc." (*Id.* at 4.) He also requests a discussion with the defendants. (*Id.*)

**ANALYSIS**

Ollie's allegations are insufficient to support a federal lawsuit. The law requires the Court to dismiss a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80) (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues complaints that are frivolous or fail to state a claim. *See Denton*, 504 U.S. at 33.

Ollie's complaint falls directly within this teaching. His pleading does not state a claim upon which relief can be granted; instead, it asserts allegations that are nonsensical, frivolous, and suggestive of mental illness. Indeed, "it is apparent from a reading of [his] complaint that there is no need to await the defendant's answer or motion to dismiss … to determine that the case is going

nowhere," thus making his suit frivolous. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). As such, the Court will dismiss the case under 28 U.S.C. § 1915(e)(B)(2).[1]

Because Ollie's claims are facially incredible, granting leave to amend would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

Accordingly,

**IT IS HEREBY ORDERED** that Ollie's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Ollie's complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 14, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] Even if Ollie's complaint were not frivolous, this Court would not have jurisdiction over his claims. Ollie indicates that he is suing the NBA, which is a citizen of another state, but that his claims arise under state law and only $1 is at stake. (ECF No. 1 at 4.) This is insufficient to support diversity jurisdiction. *See* 28 U.S.C. § 1332(a).